UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| AARON CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | No. 5:20-CV-508-REW-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| DAVID GREEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

On December 21, 2020, *pro se* Petitioner Aaron Campbell filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. D.E 1. Petitioner also filed an application to proceed *in forma pauperis*. D.E. 2. Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" *Id*. § 1915(a)(1). In order to gain such authorization, a petitioner must file an affidavit that includes the following information: (1) a statement of all assets; (2) a statement averring inability to pay fees; (3) the nature of the action; and (4) a statement of belief regarding entitlement to redress. *Id*. Additionally, an inmate must submit a certified statement from the appropriate prison official showing the amount of money or securities held in any institutional account for that inmate. *See* Rules Governing Section 2254 Cases, Rule 3(a). Although a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those who have adequate money to pay the filing fee. *See, e.g.*, *Glodijo v. Wilson*, 111 F.3d 131 (table), 1997 WL 188542 (6th Cir. Apr. 16, 1997).

Petitioner has attempted to comply with the filing requirements of 28 U.S.C. § 1915(a) and Rule 3(a). Petitioner submitted the standard *in forma pauperis* application form and provided his financial background under penalty of perjury. D.E. 2. Petitioner also filed a certified copy of the trust fund account statement as required by § 1915(a)(2). D.E. 3. Petitioner, however, failed to include an affidavit including the necessary statements required under Rule 3(a). Without the affidavit, the Court cannot determine Petitioner's financial status as required when either granting or denying a petitioner's application for pauper status.

Therefore, the Court **RECOMMENDS** that the District Court **DENY** Petitioner's motion for leave to proceed *in forma pauperis* (D.E. 2) without prejudice, and require Petitioner to either (1) file the required affidavit or (2) submit the $5.00 fee to the Clerk of the Court within 30 days of the adoption of this Recommended disposition by the District Judge should he adopt this Recommended Disposition.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning the recommendation above, issued under Subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may service and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of December, 2020.



Signed By:
Hanly A. Ingram
United States Magistrate Judge